UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LADARIUS NAJUAN MACK,

    Plaintiff,

v.                               Case No. 5:23-cv-269-TKW/MJF

CITY OF MARIANNA, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Ladarius NaJuan Mack, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a third amended complaint under 42 U.S.C. § 1983 against the City of Marianna and Police Captain Tyler Scarborough. Doc. 15. The District Court should dismiss Mack's federal claims for failure to state a claim upon which relief can be granted and should decline to exercise supplemental jurisdiction over Mack's state-law claims.

### I. The Allegations of Mack's Third Amended Complaint

Mack is a pretrial detainee of the Bay County Sheriff's Office. Doc. 15 at 2, 4. Mack's claims arise from his warrantless arrest and criminal prosecution in Jackson County Circuit Court Case No. 2022-CF-000127. *Id*. at 5-11. The charges ultimately were nolle prossed. *Id*. at 6.

Mack alleges that on March 15, 2022, Marianna Police Captain Tyler Scarborough and "several other City officials" arrested Mack without a warrant and seized Mack's vehicle. *Id.* at 5. The same day, Scarborough filed an affidavit and criminal complaint charging Mack with aggravated battery with a firearm and possession of a firearm by a felon. *Id.* at 5-6. According to Mack, Scarborough's affidavit stated that "Police were told by crime scene witnesses at the Three Rivers Apartment that I [Mack] possessed a gun and was the shooter in the incident." *Id.* at 6.

At Mack's initial appearance on March 16, 2022, the Florida judge "stated that the city officials involved in [Mack's] arrest need to amend their Arrest Affidavit to state probable cause for lack thereof." *Id.* at 7. In response, Scarborough filed an amended probable cause affidavit that, according to Mack, stated: "Crime Scene Witnesses told Police 'Ladarius Mack' was the shooter at the Three Rivers Apartment Complex." *Id.*

During the discovery process in the criminal case, the State produced "truly obtained witness statements that did not say [Mack] shot anyone nor had a gun." *Id.* at 6, 7. The charges against Mack were dismissed on November 28, 2022. *Id.* at 6.

Mack asserts that Scarborough's statement in the original and amended probable cause affidavits was "fabricated and erroneous" in light of the "obtained documented witness statements" produced during discovery. *Id.* at 6, 7. Mack maintains that as a result of Scarborough's affidavit and criminal complaint, Mack was detained, charged, and imprisoned illegally "without reasonable probable cause." *Id.* at 5–6.

Mack is suing the City of Marianna ("the City") and Captain Scarborough in his individual capacity. Doc. 15 at 2–3. Mack asserts seven claims:

Count One – § 1983 claim for unlawful search and seizure under the Fourth Amendment;

Count Two – § 1983 claim for malicious prosecution under the Fourth Amendment;

Count Three – state tort claim for negligence;

Count Four – § 1983 claim for denial of equal protection under the Fourteenth Amendment;

Count Five – § 1983 claim for deliberate indifference and failure to train or supervise (against the City only);

Count Six – state tort claim for defamation; and

<u>Count Seven</u> – state tort claim for intentional infliction of emotional distress.

Doc. 15 at 12. Mack seeks compensatory and punitive damages.

## II. SCREENING STANDARD UNDER 28 U.S.C. §§ 1915(e)(2), 1915A

Because Mack is a prisoner and is proceeding *in forma pauperis*, this court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In applying the foregoing standard, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

### III. DISCUSSION

**A.   Section 1983 Standard**

"A section 1983 claim is conditioned on two essential elements: first, the conduct complained of must have been committed by a person acting under color of state law; second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419 (11th Cir. 1985) (citing 42 U.S.C. § 1983).

B.   <u>**Mack Fails to State a Federal Claim Against the City**</u>

Each of Mack's claims against the City is based on *respondeat superior* liability for Scarborough's (and other officers') warrantless search and seizure and Scarborough's initiation of the prosecution of Mack. Municipalities, however, may not be held liable in a section 1983 action under a *respondeat superior* theory. *Board of Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978). Rather, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [section] 1983." *Monell*, 436 U.S. at 694.

To state a claim against a municipality under section 1983, a plaintiff must allege "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)). "A policy is a decision that is officially adopted by [the City], or created by

an official of such rank that he or she could be said to be acting on behalf of" the City. *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (quotation marks and citation omitted). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.*; *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). Thus, for a municipality to be liable under *Monell*, "[a] pattern of similar constitutional violations . . . is ordinarily necessary" because a "single incident would not be so pervasive as to be a custom." *Craig v. Floyd County, Georgia*, 643 F.3d 1306, 1310 (11th Cir. 2011) (internal quotation marks omitted).

In his third amended complaint, Mack acknowledges that the City had a "probable cause policy of 'officers needing probable cause before making an arrest.'" Doc. 15 at 8. Beyond that, Mack makes only a vague and unintelligible allegation that he was charged and imprisoned "to deprive me of my rights in which the Policy being the main fact that violated my Fourth Amendment Right against Unlawful Search and Seizure . . . ." *Id.* at 9. However, Mack does not identify or describe a municipal policy that caused a deprivation of his constitutional rights. Instead, each of Mack's claims is based on a single incident—the search,

seizures, and criminal prosecution on March 15, 2022. *See* Doc. 15 at 5-11. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability" against a municipality. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion); *Watkins v. Pinnock*, 802 F. App'x 450, 455 (11th Cir. 2020) (per curiam).

Additionally, Mack does not allege that Scarborough was vested with the City's policymaking authority. *See Cooper*, 403 F.3d at 1221 (quoting *Hill v. Clifton*, 74 F.3d 1150, 1152 (11th Cir. 1996) ("Only those officials who have final policymaking authority may render the municipality liable under § 1983.")). Because Mack has not alleged that violations of his constitutional rights resulted from a municipal policy, liability for the actions of City police during a single search, seizure and criminal prosecution cannot be imputed to the City. Accordingly, each of the federal claims against the City must be dismissed.

C.   **Mack Fails to State a Federal Claim Against Scarborough**

Mack's claims against Scarborough arise from Scarborough's acts of arresting Mack, searching and seizing Mack's vehicle, and initiating the criminal prosecution against Mack.

1. *Fourth Amendment Search and Seizure*

    a. <u>**Warrantless Arrest**</u>

The Fourth Amendment provides, in relevant part, that people have the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . , and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. The arrest of a person is 'quintessentially a seizure'" of the person that triggers the Fourth Amendment's protections. *Payton v. New York*, 445 U.S. 573, 585, (1980) (quoting *United States v. Watson*, 423 U.S. 411, 428 (1976) (Powell, J., concurring)); *Graham v. Connor*, 490 U.S. 386, 394 (1989). Because arrests are "seizures" of "persons," they must be reasonable under the circumstances. *District of Columbia v. Wesby*, 583 U.S. 48, 56 (2018) (quoting *Payton,* 445 U.S. at 585). A warrantless arrest is reasonable if the officer has probable cause to believe that the suspect committed a crime. *Id.* at 56-57 (citing *Atwater v. Lago Vista,* 532 U.S. 318, 354 (2001)).

Probable cause to arrest exists when "law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was

committing a crime." *United States v. Gonzalez*, 969 F.2d 999, 1002 (11th Cir. 1992). This does not require an actual showing of criminal activity, but "only a probability or substantial chance of criminal activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983); *United States v. Babcock*, 924 F.3d 1180, 1192 (11th Cir. 2019). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

"Probable cause 'is not a high bar.'" *Wesby*, 583 U.S. at 57 (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014)). Probable cause "does not require overwhelmingly convincing evidence, but only reasonably trustworthy information." *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) (internal citations and quotations omitted). Probable cause does not entail the same "standard of conclusiveness and probability as the facts necessary to support a conviction." *United States v. Dunn*, 345 F.3d 1285, 1290 (11th Cir. 2003) (internal quotations omitted). Probable cause requires even less evidence than "preponderance of the evidence." *Gates*, 462 U.S. at 235; *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006).

Here, Mack alleges that Scarborough conducted "an unlawful search and seizure" of Mack and his Mercedes AMG. Doc. 15 at 5. Officers told Mack at the time of his arrest that: "Witnesses at the Three River Apartments said [Mack] had a gun and shot someone." *Id.* Statements of witnesses are sufficient to create probable cause for an arrest or a search. *Bright v. Thomas*, 754 F. App'x 783, 787 (11th Cir. 2018); *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684-85 (11th Cir. 1995). Indeed, the statement of a *single witness* is sufficient to create probable cause. *Martin v. Wood*, 648 F. App'x 911, 916 (11th Cir. 2016); *Knight v. Jacobson*, 300 F.3d 1272, 1275 (11th Cir. 2002).

Mack contends that the information conveyed by the witnesses were lies. That itself does not negate probable cause, but Mack further alleges that officers used "fabricated evidence" and "fake probable cause" to justify the warrantless arrest and criminal charges. Doc. 15 at 5–8, 10. To support this assertion, Mack relies on "documented witness statements" he obtained during the discovery process of his criminal case that "in fact did not state that I possessed a gun nor shot anyone." *Id.* at 5. Mack faults Scarborough for omitting these "truly obtained witness

statements" in his amended probable cause affidavit the day after Mack's arrest. *Id.* at 7.

Mack's allegations blur verbal statements witnesses made to police on the night of Mack's arrest with "documented" witness statements later produced during discovery. *Id.* at 6, 7. Mack provides no details about who spoke to police at the scene before Mack's arrest; who provided the information in the "documented" witness statements; when the witnesses provided the "documented" statements; when Scarborough became aware of the information in the "documented" witness statements; or other details necessary to establish that Scarborough knew at the time he arrested Mack and executed his affidavits that he was providing (or omitting) information in reckless disregard for the accuracy of the affidavit. Mack also provides no details about what other information was contained in Scarborough's affidavits.

An affidavit supporting an arrest must "be truthful in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Franks v. Delaware*, 438 U.S. 154, 165 (1978) (internal quotation marks omitted). An affidavit "violates the Fourth Amendment when it contains omissions 'made intentionally or with a

reckless disregard for the accuracy of the affidavit.'" *Madiwal v. Savaiko*, 117 F.3d 1321, 1326-27 (11th Cir. 1997) (quoting *United States v. Martin*, 615 F.2d 318, 329 (5th Cir. 1980)).

Mack's conclusory and vague allegations that Scarborough "lied," provided "false" information, and "deliberately omitted" important information from the probable cause affidavits fall short of stating a facially plausible Fourth-Amendment violation. *See Doe v. Emory Univ.*, 110 F.4th 1254, 1258 (11th Cir. 2024) ("[A]llegations that are merely consistent with liability stop short of the line between possibility and plausibility that a plaintiff must cross in order to survive . . . dismiss[al.]." (internal quotation marks and citation omitted)); *Doe v. Samford Univ.*, 29 F.4th 675, 685 (11th Cir. 2022) ("[W]hen determining whether the complaint crosses the line between possibility and plausibility of entitlement to relief, courts may infer from the factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." (internal quotation marks and citations omitted)); *see also Wright v. Dodd*, 438 F. App'x 805, 806 (11th Cir. 2011) (affirming *sua sponte* dismissal of the plaintiff's section 1983 complaint because the

plaintiff alleged only "in conclusory fashion that the police arrested [him] without a warrant," and he did not "allege any facts showing that the police lacked probable cause to arrest him").

Thus, Mack fails to state a Fourth Amendment claim for false arrest or "unreasonable seizure."

### b.  Warrantless Search and Seizure of Mack's Vehicle

The Supreme Court has interpreted the Fourth Amendment generally to require government agencies to obtain a search warrant prior to seizing or searching items and places in which a person has a reasonable expectation of privacy, such as a vehicle. *Kentucky v. King*, 563 U.S. 452, 459 (2011). There are a number of exceptions to this general rule, however. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). A warrantless search of a vehicle is permissible when the driver who recently occupied the vehicle is arrested and it "is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 351; *United States v. Clark*, 32 F.4th 1080, 1089 n.3 (11th Cir. 2022).

Mack alleges that officers violated his Fourth Amendment rights by "executing an unlawful search and seizure on me and my Mercedes AMG at my residence." Doc. 15 at 5. However, he provides no further details

about the automobile, even whether officers searched the car or seized it at the time of Mack's arrest. Without more, Mack has failed to state a claim based on a search and seizure of his vehicle.

### 2.     *Fourth-Amendment Clam of Malicious Prosecution*

Mack next asserts a claim of malicious prosecution against Scarborough. Doc. 15 at 5.

> Malicious prosecution is a violation of the Fourth Amendment and is a viable constitutional tort cognizable under § 1983. . . . A § 1983 claim for malicious prosecution requires the plaintiff to show both the elements of the common law tort of malicious prosecution and an unreasonable seizure in violation of the Fourth Amendment.

*Smith v. Mitchell*, 856 F. App'x 248, 249 (11th Cir. 2021) (internal citations omitted). "As to the first prong, the constituent elements of the common law tort of malicious prosecution are: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused.*" Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014).

As discussed, Mack's allegations do not indicate that Scarborough and other officers lacked probable cause or conducted an unreasonable seizure in violation of the Fourth Amendment. Therefore, Mack's

malicious prosecution claim also must be dismissed for failure to state a claim upon which relief can be granted.

### 3. *Equal-Protection Claim*

Mack also asserts that Scarborough and other officers denied Mack equal protection by falsifying evidence for his arrest on March 15, 2022, and amending their affidavits the following day.

Under the Equal Protection Clause of the Fourteenth Amendment, "'[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1233 (11th Cir. 2022) (quoting *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)); *Campbell v. Rainbow City, Ala.*, 434 F.3d 1306, 1313 (11th Cir. 2006). Generally, equal protection violations arise when the State classifies and treats "some discrete and identifiable group of citizens differently from other groups." *Corey Airport Servs., Inc. v. Clear Channel Outdoor, Inc.*, 682 F.3d 1293, 1296 (11th Cir. 2012).

Likewise, a State violates the Equal Protection Clause when it intentionally treats a plaintiff differently from others similarly situated

without a rational reason for doing so. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). A plaintiff, therefore, must at least demonstrate that the State treated him differently than another similarly-situated person, based on his membership in an identifiable group or class or without a rational reason for the disparate treatment. *Corey*, 682 F.3d at 1296; *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).

Mack alleges only that the "dismissal [of] all charges on November 28, 2022, proving officers intentionally discriminated against [him] and treated [him] differently than others would've been in a similar situation which violated my 14th Amendment right to Equal Protection of Law . . . because anyone else would have been released." Doc. 15 at 8. Mack has not alleged that he belongs to an identifiable group or class, or that he was treated differently than others similarly situated who do not belong to that group or class. Mack merely repackages his Fourth-Amendment claim as a violation of the Equal Protection Clause.

Because Macks has failed to state the elements of an equal protection claim, the District Court should dismiss this claim.

**C.     The District Court Should Decline to Exercise Supplemental Jurisdiction Over Mack's State-Law Claims**

Mack also attempts to assert claims of negligence, defamation, and intentional infliction of emotional distress under Florida law.

"The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004). Generally, however, district courts should "dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 n.13 (11th Cir. 2013) (quoting *Raney*, 370 F.3d at 1089). Accordingly, the District Court should decline to exercise supplemental jurisdiction over Mack's state law claims.

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **DISMISS** Plaintiff's section 1983 claims against Defendants;

2.    **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss those claims without prejudice; and

3.    **DIRECT** the clerk of the court to close the case file.

At Panama City, Florida, this <u>13th</u> day of December 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2; 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**